UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>        Defendants. | No. 2:17-cv-1708 KJM AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.    <u>Three Strikes Analysis</u>

Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

1

granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

Inspection of other cases filed by plaintiff in this court and in the United States District Court for the Northern District of California has led to the identification of at least four cases brought by plaintiff that qualify as strikes. The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

////

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1. <u>Blackman v. Taxdahl</u>, E.D. Cal. No. 1:04-cv-6389 AWI LJO (case dismissed for failure to state a claim on May 18, 2007);

2. <u>Blackman v. Variz</u>, N.D. Cal. No. 3:06-cv-6398 SI (case dismissed for failure to state a claim on December 18, 2006);

3. <u>Blackman v. Mazariegos</u>, N.D. Cal. No. 3:06-cv-7625 SI (complaint dismissed with leave to amend for failure to state a claim, case dismissed on September 4, 2007, for failure to file an amended complaint);

4. <u>Blackman v. Mazariegos</u>, N.D. Cal. No. 3:07-cv-2021 SI (case dismissed for failure to state a claim on September 5, 2007).

All of the preceding cases were dismissed well in advance of the August 13, 2017 filing[2] of the instant action and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); <u>see also</u>, <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312-14 (3rd Cir. 2001); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir. 1999); <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998); <u>Banos v. O'Guin</u>, 144 F.3d 883, 885 (5th Cir. 1998).

Both the original complaint and the first amended complaint allege that various defendants have denied plaintiff's inmate appeals or interfered with his ability to file such appeals and failed to provide him with the necessary documentation to complete applications to proceed in forma pauperis. ECF No. 1 at 1-10; ECF No. 7 at 1-5. It also appears that the conduct plaintiff complains of all took place primarily in 2016. <u>Id.</u> None of these allegations demonstrate an

---

[2] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

imminent risk of serious physical injury at the time of filing. The undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. Because your claims are about your ability to file inmate appeals and get documentation, you cannot show imminent danger. It is therefore being recommended that you be required to pay the entire filing fee in full before you can go forward with your complaint.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied.

2. Plaintiff be ordered to pay the entire $400.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 20, 2017.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE